**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Gregory Kelly, | Case No.: 2:18-cv-00923-JAD-VCF |
| Plaintiff | |
| v. | **Order Denying Motion for Relief from Judgment and Ordering a Response to Plaintiff's Appeal** |
| Jody Marie Cuomo, | [ECF Nos. 70, 74, 76] |
| Defendant | |

This action to enforce judgment stems from a $96,000 loan that non-party Patricia Ritchie made to defendant Jody Marie Cuomo in 2006.[1] When Cuomo filed for bankruptcy in 2010, she neglected to list that loan in her schedules.[2] Ritchie later assigned her interest in the loan to plaintiff Gregory Kelly.[3] Kelly filed an adversary complaint against Cuomo in the bankruptcy court, arguing that Cuomo obtained the loan through false pretenses, a false representation, or actual fraud, thus excepting it from discharge under 11 U.S.C. § 523(a)(2)(A).[4] After a trial, the bankruptcy court ruled that the loan was not dischargeable in bankruptcy and entered judgment for Kelly and against Cuomo for the loan amount plus interest.[5] Kelly filed this action as part of his continued efforts to collect. Cuomo now asks this court to set aside the judgment, arguing that the bankruptcy court lacked jurisdiction to enter it because Nevada law doesn't allow the assignment of fraud claims and thus Kelly didn't have standing to bring a § 523 claim predicated

---

[1] ECF No. 82 at 2. At this stage, the parties do not dispute the facts surrounding the loan and the underlying bankruptcy proceedings.

[2] *Id.*

[3] *Id.*

[4] *Id.* at 3; ECF No. 76-2 (adversary complaint). Kelly also alleged multiple violations of 11 U.S.C. § 727, but those claims were dismissed by the bankruptcy court. ECF No. 82 at 3.

[5] ECF No. 1 at 2–3; ECF No. 4 at 5–6.

on fraud.[6]  But because Cuomo cannot show that the bankruptcy court lacked any arguable basis to exercise jurisdiction, I deny her motion.  And I order further briefing on Kelly's objection to the magistrate judge's ruling on his motion to enforce a subpoena.

## Discussion

### I.  Cuomo has not demonstrated that the bankruptcy court had no colorable basis to exert jurisdiction over Kelly's assigned § 523 claim.

Federal Rule of Civil Procedure (FRCP) 60(b)(4) gives courts the power to "relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment is void."[7]  Rule 60(b)(4) "applies only in the rare instance [in which] a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."[8]  "[J]udgments are deemed void [for lack of jurisdiction] only [if] the assertion of jurisdiction is truly unsupported": the argument for jurisdiction "must lack even a colorable basis" to invoke Rule 60(b)(4).[9]  There is no time limitation to file a 60(b)(4) motion.[10]

Bankruptcy courts look to state law to determine the scope of a debtor's or a creditor's property interests.[11]  The United States Supreme Court has cautioned that, "[u]nless some federal

---

[6] ECF No. 76.

[7] Fed. R. Civ. P. 60(b)(4).

[8] *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (citations omitted).

[9] *Hoffmann v. Pulido*, 928 F.3d 1147, 1151 (9th Cir. 2019) (citing *Jones v. Giles*, 741 F.2d 245, 248 (9th Cir. 1984)).

[10] Kelly contends that Cuomo's motion is several years late.  ECF No. 82 at 5–6.  But a motion to set aside a void judgment under FRCP 60(b)(4) can be brought at any time, so that argument fails.  *See Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

[11] *Butner v. United States*, 440 U.S. 48, 54 (1979); s*ee also In Matter of Heller Ehrman LLP*, 830 F.3d 964, 969–70 (9th Cir. 2016); *Ahcom, Ltd. v. Smeding*, 623 F.3d 1248, 1250 (9th Cir. 2010) (finding that state law determines whether a trustee has standing to assert a debtor's claim).

interest requires a different result, there is no reason why such interests should be analyzed

differently simply because an interested party is involved in a bankruptcy proceeding."[12]  Cuomo

contends that, because Nevada has long held that fraud claims are "personal to the one

defrauded" and cannot be assigned, Kelly's § 523(a)(2)(A) claim alleging that Cuomo committed

fraud to obtain the loan was personal to Ritchie and could not be assigned to Kelly.[13]  Thus,

Cuomo insists, Kelly did not have standing to assert the § 523(a)(2)(A) claim, robbing the

bankruptcy court of subject-matter jurisdiction over it.[14]

### A.    The federal interest in assisting only honest debtors may require a result at odds with Nevada law.

Cuomo contends that state law must dictate the assignability of Kelly's fraud claim in this

case, but she glosses over the Supreme Court's acknowledgement that "some federal interest"

may require a different result in some cases.[15]  And the Ninth Circuit has identified federal

interests that may invoke a departure from Nevada law in this case.  In *In re Boyajian*, for

example, the Court analyzed the assignability of claims in bankruptcy under § 523(a)(2)(B),

which exempts from discharge any debt obtained through fraudulent written statements.[16]

Whether state law prohibited assignment was not at issue, but the court found that Congress

---

[12] *Butner*, 440 U.S. at 55.

[13] *See Prosky v. Clark*, 109 P. 793, 794 (Nev. 1910).

[14] Kelly contends that § 523(a)(2)(A) permits recovery for loans obtained through "false pretenses, a false representation, or actual fraud" and argues that his claim may have been for one of the first two options, not the latter.  ECF No. 82 at 7–8.  But false pretenses and misrepresentation are merely "fraud" by other names.  The bankruptcy court analyzed Kelly's claim under the factors for fraud.  ECF No. 154 at 118, in *Kelly v. Cuomo*, Case No. 12-01124-mkn (trial transcript).  I thus find this argument unconvincing.

[15] *Butner*, 440 U.S. at 55.

[16] *In re Boyajian*, 564 F.3d 1088, 1090 (9th Cir. 2009).

intended that an assignee-creditor could step into the shoes of the assignor and assert a written-fraud claim under § 523(a)(2)(B).[17]  This result, the Court concluded, is "supported by the policy goals of the [b]ankruptcy [c]ode" by "limit[ing] the opportunity for a completely unencumbered new beginning to the *honest* but unfortunate debtor."[18]

The *In re Boyajian* decision suggests that the Ninth Circuit would hold that Congress intended for the general principle of assignment to trump state-law differences with respect to § 523(a)(2)(A) claims, too.  The bankruptcy code was crafted to let honest debtors start anew, and § 523(a)(2)(A) exemplifies this policy by exempting from discharge ill-gotten debts.  Allowing the assignment of debt to sever this exception would create a perverse windfall for the dishonest debtor and thus would upset the purpose of the federal bankruptcy code.  So, in light of the Ninth Circuit's interpretation of Congress's intent with respect to assignment of very similar fraud claims, I cannot find that the bankruptcy court lacked any arguable basis to determine that Kelly had standing to assert his § 523(a)(2)(A) claims under an assigned loan.

### B.    Nevada has not prohibited assignment of fraud claims in this bankruptcy context.

Cuomo's contention that Nevada law unequivocally prohibits assignment of fraud claims like this one is tenuous.[19]  It is true that Nevada has long barred assignment of fraud claims.[20]  But Nevada has not extended that prohibition to the circumstances presented here: when a creditor is asserting claims to enforce repayment under an assigned loan against a debtor in bankruptcy proceedings.  In *Reynolds v. Tufenkjian*, the case upon which Cuomo largely relies,

---

[17] *Id.* at 1091.

[18] *Id.* at 1092 (quoting *Grogan v. Garner*, 498 U.S. 279, 286–87 (1991)) (emphasis added).

[19] *See* ECF No. 76 at 4–6.

[20] *See Prosky*, 109 P. at 794; *Reynolds v. Tufenkjian*, 461 P.3d 147, 152 (Nev. 2020).

the respondents had purchased appellant's interest in its claims for the express purpose of voluntarily dismissing the appeal against them.[21]  While the Court acknowledged that the at-issue fraud claim "ha[d] already been held to be personal in nature and unassignable," it also held that negligent-misrepresentation claims *could* be assigned.[22]  The Court noted that "a determination of whether a cause of action is assignable should be based upon an analysis of the nature of the claim to be assigned and on an examination of the public policy consideration that would be implicated if assignment were permitted."[23]  It then reasoned that, because Nevada limits negligent-misrepresentation claims to "only those claims resulting in pecuniary loss" and doesn't permit claims arising from physical or emotional harm, "it is clear that the nature of such a claim is not to recover for a personal injury, but instead is more akin to a claim seeking recovery for a loss of property."[24]  So the Court held that negligent-misrepresentation claims can be assigned because doing so "does not implicate the same public policy concerns" that spurred the court to prohibit assignment of fraud claims.[25]  So, "while claims for personal injury torts are not assignable, when a tort claim alleges purely pecuniary loss . . . the claim may be assigned."[26]

While Cuomo seeks to reduce Kelly's § 523 action to a run-of-the-mill fraud claim that would implicate Nevada's assignment prohibition, when viewed through the lens of *Reynolds*'s treatment of negligent-misrepresentation claims, it appears that § 523 claims may be treated

---

[21] *Reynolds*, 461 P.3d at 149.

[22] *Id.* at 152, 153–54.

[23] *Id.* at 153 (quoting 6A C.J.S. Assignments § 42 (2016)).

[24] *Id.*

[25] *Id.*

[26] *Id.* at 154.

5

1    differently.[27]  The Nevada Supreme Court analyzes the "nature of the claim" to determine

2    whether it can be assigned.  And while § 523 requires that a creditor prove the elements of fraud

3    to prevail, the only damages to be gained are purely economic: a finding that a debt is not

4    dischargeable in bankruptcy and can thus be collected from the bankrupt debtor.  So, under

5    *Reynolds*, it's entirely possible that the Nevada Supreme Court would treat an action under

6    § 523(a)(2)(A) differently than a fraud claim sounding in tort.[28]

7            In sum, because it isn't clear that Nevada's policy against assignment of fraud claims

8    would trump the federal government's interest in granting bankruptcy relief only to honest

9    debtors, and because it is not a foregone conclusion that Nevada would apply its anti-assignment

10   rationale in these circumstances, I cannot find that the bankruptcy court lacked any arguable

11   basis for exercising jurisdiction over Kelly's assigned § 523(a)(2)(A) claim.  I thus deny

12   Cuomo's motion to set aside the judgment.

13   **II.    Cuomo and Silver are directed to respond to Kelly's appeal within 14 days.**

14           Kelly has issued various subpoenas in his attempt to enforce his judgment against

15   Cuomo.[29]  When he received inadequate responses, Kelly filed motions to enforce a subset of

16   those subpoenas.[30]  After a hearing, the magistrate judge denied all of Kelly's motions to

17

18   [27] Because the Nevada Supreme Court has not addressed whether its prohibition on assignment-
     of-fraud claims extends this far, I must predict whether it would prevent assignment if this case
19   were before that court.  *Lewis v. Tel. Emps. Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996).

20   [28] *Cf. Superpumper, Inc. v. Leonard*, 495 P.3d 101, 106 n.1 (Nev. 2021) (distinguishing a
     fraudulent-conveyance claim from a typical fraud claim and finding the former assignable);
21   *Invesco High Yield Fund v. Jecklin*, 2021 WL 2911739, at *2 n.2 (9th Cir. July 12, 2021)
     (rejecting argument that Nevada would prohibit assignment of fraudulent-transfer claims, citing
22   *Reynolds* and noting that Nevada allows assignment of "tort claims alleging purely pecuniary
     loss" and "contract-based claims") (cleaned up)).

23   [29] *See* ECF Nos. 16–30.

     [30] ECF No. 32; ECF No. 33; ECF No. 36.

enforce, stating: "I believe the information requested is mostly not relevant to collecting the judgment registered on the docket here.  And to the extent that some of the information requested might be relevant, the discovery . . . would be either duplicative or not proportional."[31]  The magistrate judge then stayed discovery until he could resolve pending motions related to additional subpoenas issued to Frank Silver—the custodian of records for Medicavelli, Inc.—and AT&T.[32]

But when Kelly appealed the magistrate judge's order to the Ninth Circuit, the magistrate judge denied those pending motions without prejudice to their refiling once the Ninth Circuit resolved the appeal.[33]  On October 14, 2021, the Ninth Circuit dismissed Kelly's appeal for lack of jurisdiction, finding that the order denying Kelly's "motion to enforce the subpoena to the Custodian of Records for Medicavelli, Inc., did not finally dispose of the post-judgment discovery issues regarding the subpoena and contemplated a further order of the district court, and hence was not a final order."[34]  The Ninth Circuit noted that "[t]he district judge may consider [Kelly's] notice of appeal as an objection to the magistrate judge's March 29, 2021[,] order under Federal Rule of Civil Procedure 72(a) and conduct further proceedings, as that court deems appropriate."[35]

---

[31] ECF No. 60; ECF No. 68 at 17, lines 1–5 (hearing transcript).

[32] ECF No. 68 at 19, lines 20–22.

[33] ECF No. 61 (notice of appeal); ECF No. 62 (order denying pending motions without prejudice to refiling after the Ninth Circuit resolves Kelly's appeal).

[34] ECF No. 69 at 2.

[35] *Id.*  While the Ninth Circuit refers to an "objection," this district's local rules clarify that, when a party disagrees with a magistrate judge's ruling on a non-dispositive discovery order, that party may file an "appeal" for the district judge to resolve.  L.R. IB 3-1.  So I refer to Kelly's objection as an appeal under L.R. IB 3-1.

  Two weeks later, Kelly refiled his notice of appeal and relabeled it as an objection to the magistrate judge's order denying his motion to enforce the subpoena issued to Medicavelli.[36] Cuomo and Silver responded, noting that the objection did not contain points and authorities and was filed almost seven months after the magistrate judge entered his ruling.[37]  Kelly then filed a motion to file a reply, contending that he was merely trying to follow the Ninth Circuit's instructions when he refiled his notice of appeal as an objection.[38]  He attached a proposed reply brief containing the arguments he wants me to consider for his objection.[39]

  Under the circumstances, I find good cause to reset the time for Kelly to appeal the magistrate judge's ruling.  He filed an appeal of that ruling within one day and later learned that the appeal was dismissed for lack of jurisdiction because the magistrate judge withheld ruling on a different, albeit related, subpoena.  He then attempted to heed the Ninth Circuit's suggestion that his notice of appeal could be treated as an objection and filed it as such.  When alerted by Cuomo and Silver that a notice of appeal is insufficient to lodge an adequate appeal of a magistrate judge's order, he attempted to make his arguments by seeking court leave to file a reply.  While that may not have been the most correct procedural move, I will give Kelly some leeway in light of his pro se status and the Ninth Circuit's suggestion that his appeal notice could act as an objection.

  So, in order to preserve Kelly's appeal and allow Cuomo and Silver to adequately respond, I construe Kelly's motion to file a reply as a motion for an extension of time to file an appeal to the magistrate judge's order at ECF No. 60 and grant it.  I will construe Kelly's

---

[36] ECF No. 70.

[37] ECF No. 72.

[38] ECF No. 74.

[39] ECF No. 74-2.

proposed reply as his appeal.  Cuomo and Silver have 14 days from the date of this order to file a response to that.

### Conclusion

**IT IS THEREFORE ORDERED** that Cuomo's motion to set aside judgment **[ECF No. 76] is DENIED**.

**IT IS FURTHER ORDERED** that Kelly's motion to file a reply, construed as a motion for an extension of time to file an appeal of the magistrate judge's ruling, **[ECF No. 74] is GRANTED.**  The Clerk of Court is directed to **DETACH ECF No. 74-2 and FILE IT as an appeal of ECF No. 60.  Silver and Cuomo have 14 days to file a response.**

**IT IS FURTHER ORDERED** that Kelly's appeal [ECF No. 70] is denied without prejudice as moot.

_____
U.S. District Judge Jennifer A. Dorsey
August 3, 2022