# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Gregory Kelly,

      Plaintiff

v.

Jody Marie Cuomo,

      Defendant

Case No.: 2:18-cv-00923-JAD-VCF

**Order Sustaining in Part Plaintiff's Objection and Remanding Matter to Magistrate Judge**

[ECF Nos. 36, 60, 90]

      This judgment-enforcement action stems from plaintiff Gregory Kelly's prolonged attempt to collect a debt from bankrupt debtor Jody Cuomo. Kelly has engaged in copious amounts of discovery to determine whether Cuomo has assets that could be used to satisfy the debt. At issue here is one of those discovery attempts: a subpoena to the company Medicavelli Inc., of which Cuomo was the treasurer. Kelly objects to the magistrate judge's denial of his motion to enforce this subpoena. In the interests of justice I sustain his objection in part and remand this matter to the magistrate judge to consider arguments made for the first time in Kelly's objection and substantially similar arguments in motions currently pending before the magistrate judge.

## Background

      This action to enforce judgment stems from a $96,000 loan that non-party Patricia Ritchie made to defendant Jody Marie Cuomo in 2006.[1] When Cuomo filed for bankruptcy in 2010, she neglected to list that loan in her schedules.[2] Ritchie later assigned her interest in the loan to plaintiff Gregory Kelly, who then filed an adversary proceeding against Cuomo in the

---

[1] ECF No. 82 at 2.

[2] *Id.*

bankruptcy case seeking to exempt the loan from discharge.[3]  After a trial, the bankruptcy court ruled that the loan was not dischargeable in bankruptcy and entered judgment for Kelly and against Cuomo for the loan amount plus interest.[4]

Kelly conducted a judgment-debtor examination of Cuomo as part of his efforts to collect and learned that Cuomo was listed as the treasurer of Medicavelli Inc., a medical company that was solely owned by Cuomo's romantic partner Frank Silver, M.D.[5]  Cuomo testified that, though she was listed as the treasurer, she was merely a figurehead and had no real role in the company.[6]  She also testified that Medicavelli did not pay her a salary, but Silver paid all of her expenses, including her legal fees, and may have done so through a Medicavelli account.[7]  Kelly formed the opinion that Silver was improperly paying Cuomo's expenses through Medicavelli accounts instead of giving her a paycheck that could then be considered income and used to pay down her remaining debts.[8]

In this follow-up action to collect on the bankruptcy judgment, Kelly obtained subpoenas for Medicavelli, Silver, and the attorneys that represented Cuomo in her bankruptcy proceedings, seeking corporate documents, employment agreements, bank statements, and other documentation concerning whether Cuomo was using Medicavelli accounts to pay her personal

---

[3] *Id.*

[4] ECF No. 1 at 2–3; ECF No. 4 at 5–6.

[5] *See generally* ECF No. 36-1 at 15–41 (judgment-debtor examination transcript).

[6] *Id.* at 19.

[7] *Id.* at 20, 25–26, 29–30, 37–38.

[8] *See id.* at 33.

expenses.[9]  Medicavelli did not respond to the subpoena within the deadline,[10] and the law firms objected to their subpoenas, claiming that attorney-client privilege prevented them from turning over the requested documents.[11]  Kelly responded with motions to enforce those subpoenas, arguing that he believed that Cuomo was hiding funds in Medicavelli accounts that should be part of her bankruptcy estate.[12]  Medicavelli responded to Kelly's motion, arguing only that the subpoena was improperly served.[13]

Magistrate Judge Ferenbach held a hearing on the motions and denied them all, finding that "the information requested is mostly not relevant to collecting the judgment registered on the docket" and "to the extent that some of the information requested might be relevant, the discovery . . . would be either duplicative or not proportional."[14]  Cuomo appealed Judge Ferenbach's decision with respect to the Medicavelli subpoena to the Ninth Circuit, which dismissed the appeal as premature because Judge Ferenbach's order was not dispositive.[15]  At the Ninth Circuit's suggestion, I resurrected Cuomo's appeal as an objection to a magistrate order and directed Medicavelli to file a response to the objection.[16]  That objection is the focus of this order.

---

[9] ECF No. 18 (Medicavelli subpoena); ECF No. 22 (Keating Law Group PC subpoena); ECF No. 28 (Prince and Keating, LLP subpoena).  Kelly pursued many other subpoenas as well, but those are not at issue here.

[10] ECF No. 51 (notice of non-opposition).

[11] *See* ECF No. 38; ECF No. 39.

[12] ECF No. 32; ECF No. 33; ECF No. 36.

[13] ECF No. 59.

[14] ECF No. 60; ECF No. 68 (hearing transcript).

[15] ECF No. 69.

[16] ECF No.  78 at 6–9.

Cuomo separately served Silver with a subpoena nearly identical to the one served on Medicavelli.[17]  Silver filed motions to quash or modify the subpoena, for "entry of a protective order" under Federal Rule of Civil Procedure 26(c), and for monetary sanctions against Kelly for discovery misconduct.[18]  Magistrate Judge Ferenbach initially denied those motions without prejudice, finding that Cuomo's appeal deprived him of jurisdiction over them.[19]  After the Ninth Circuit dismissed Cuomo's appeal, Silver refiled his motions.[20]  But because Cuomo's objection to Judge Ferenbach's initial order was pending, Judge Ferenbach ordered the Clerk of Court to "administratively remove" Silver's motions until I ruled on Kelly's objection.  So those discovery motions are still to be decided.[21]

### Discussion

A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[22]  This standard of review "is significantly deferential" to a magistrate judge's determination.[23]  A district court should overturn a magistrate judge's determination under this standard only if it has "a definite and firm conviction that a mistake [of fact] has been committed"[24] or a relevant statute, law, or rule has been omitted or misapplied.[25]

---

[17] ECF No. 48.

[18] ECF No. 55; ECF No. 56; ECF No. 57; ECF No. 58.

[19] ECF No. 62.

[20] ECF No. 77; ECF No. 78; ECF No. 79; ECF No. 80.

[21] ECF No. 88.

[22] L.R. IB 3-1(a).

[23] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993).

[24] *Id.* (internal quotation marks omitted).

[25] *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

1       Judge Ferenbach determined that the Medicavelli subpoena was irrelevant,

2  disproportionate, and duplicative and thus denied Kelly's motion to enforce it.  But he lacked the

3  benefit of the parties' briefing on the relevant state and federal law concerning post-judgment

4  discovery for nonparties.[26]  Not until its response to Kelly's objection did Medicavelli cite

5  relevant, potentially controlling state law concerning the collection of information from

6  nonparties who may have relationships with a judgment debtor.[27]  That new authority directs the

7  court to focus on whether "the relationship between the judgment debtor and the nonparty is

8  sufficient to raise a reasonable doubt about the bona fides of the transfer of asserts between them

9  . . . or whether the nonparty is the alter ego of the judgment debtor."[28]  That issue wasn't

10  sufficiently briefed before Judge Ferenbach when he made his ruling.  And the intricacies of this

11  issue were also fully briefed for the first time in Silver's motions to quash and for a protective

12  order, which remain pending before Judge Ferenbach.  So, because the parties presented

13  arguments to me that were not presented to the magistrate judge, and because there are

14  substantially similar issues pending before Judge Ferenbach concerning the Silver subpoena, I

15  grant Kelly's objection in part and remand this matter back to the magistrate judge to reconsider

16  Kelly's motion to enforce the Medicavelli subpoena with the benefit of this new authority and in

17  conjunction with Silver's yet-unresolved motions to quash and for a protective order.

18  **Conclusion**

19         **IT IS THEREFORE ORDERED** that plaintiff Gregory Kelly's objection **[ECF No. 90]**

20  **to the magistrate judge's order at ECF No. 60 is SUSTAINED in part**.  In the interests of

21

22  _____

[26] *See* ECF No. 36; ECF No. 59.

23  [27] ECF No. 91 at 9 (citing *Rock Bay, LLC v. Dist. Ct.*, 298 P.3d 441, 445–46 (Nev. 2013)).

[28] *Rock Bay*, 298 P.3d at 445 (cleaned up).

justice, **this matter is REMANDED to the magistrate judge** to reconsider Kelly's motion at ECF No. 36 in light of the briefing presented in the objection and response and the similar issues raised in ECF Nos. 77, 78, 79, and 80.

      **IT IS FURTHER ORDERED** that the **Clerk of Court is directed to administratively revive ECF Nos. 77, 78, 79, and 80 and refer them to the magistrate judge.**

_____
U.S. District Judge Jennifer A. Dorsey
November 30, 2022