Gregory Kelly
3915 W. Davis St.
STE 130, #135
Conroe, TX 77304
(480) 799-9218
gkcollects@gmail.com
Plaintiff in Proper Person

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| GREGORY KELLY | Case No.: 2:18-cv-00923-JAD-MDC |
| Plaintiff, | **(PROPOSED) DISCOVERY PLAN IN ACCORDANCE WITH AUGUST 21, 2024 DISCOVERY PLAN ORDER (ECF NO. 131).** |
| v. | |
| JODY MARIE CUOMO | (Filed concurrently with Plaintiff's Motion to Reconsider, and subject to Plaintiff's Objection to any Post Judgment Discovery Plan or Deadlines). |
| Defendant. | |
| | *Special Scheduling Review Requested.* |

The parties met and conferred on August 30, 2024 pursuant to the Court's ORDER (ECF NO. 131), with respect to Plaintiff's Post Judgment Discovery Plan, with Plaintiff's stated objection.

**1. Discovery Cut-Off Date**. The Defendant answered or otherwise appeared in the underlying Adversary Bankruptcy Case No.12-01124-mkn ("the Adversary Case) on October 24, 2012.

The discovery cut-off date for the Adversary Case was March 23, 2013.

The Court's August 21, 2024 Order[1] did not specify a cut-off date for the instant discovery plan, and this is consistent with the October 12, 2023 hearing.[2]

**2. Amending the Pleadings and Adding Parties**. "The deadline to amend the pleadings and add parties," is "NOT APPLICABLE" to the Order in ECF No. 131.

---
1  ECF NO. 131.
2  ECF NO. 132.

**3. Expert and Rebuttal-Expert Disclosures**. "The deadline to disclose experts," is "NOT APPLICABLE" to the Order in ECF No. 131.

**4. Dispositive Motions**. "The deadline to file dispositive motions," is "NOT APPLICABLE" to the Order in ECF No. 131.

**5. Pretrial Order**. "The deadline to file a pretrial order," is "NOT APPLICABLE" to the Order in ECF No. 131.

**6. Fed. R. Civ. P. 26(a)(3)**. "The disclosures required by this rule and any objections to them must be included in the joint pretrial order," is "NOT APPLICABLE" to the Order in ECF No. 131.

**7. Alternative Dispute Resolution**. "The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation," is "NOT APPLICABLE" to the Order in ECF No. 131.

**8. Alternative Forms of Case Disposition.** "The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01)," is "NOT APPLICABLE" to the Order in ECF No. 131.

**9. Electronic Evidence.** "The parties certify that they discussed whether to present evidence in electronic format to jurors for the purpose of jury deliberations," is "NOT APPLICABLE" to the Order in ECF No. 131.

**10. Future Discovery Anticipated By Plaintiff Within The Next 180 Days.**

Plaintiff anticipates the following post judgment discovery within the next 180 Days:

| Action | Anticipated Completion |
|---|---|
| 1. Motion to Compel Production of Documents – Set Two. | Estimated filing by 09/16/24. |
| 2. Interrogatories to Defendant | Estimated request by 09/16/24. |
| 3. Subpoenas to Creditors | Unknown, as this is contingent on Defendant's production, but likely issuance by 10/31/24. |
| 4. Judgment Debtor's Exam | Contingent on completion of Actions 1-3, but likely by 12/27/24. |
| 5. Third Party Examination | Contingent on completion of Actions 1-4, but likely by 02/25/25. |

DEFENDANT'S OBJECTIONS:  Plaintiff failed to demonstrate that the discovery requested, particularly regarding third party examinations, is limited to the discovery of non-exempt assets that could be used to pay the judgment.  There are no such assets, as has been repeatedly demonstrated to Plaintiff.

Plaintiff has repeatedly indicated his intention to harass Defendant as well as her loved ones (including 90-year old Dr. Silver) to try to extort payment that he would not otherwise be entitled to receive.  A protective order and sanctions were previously granted to address Plaintiff's overwrought collection efforts directed to Dr. Silver in violation of the discovery rules, which Plaintiff disregards in his communications about proposed next steps.  Necessarily, all objections and remedies, including remedies for contempt of the Magistrate Judge's prior protective order, as affirmed by the District Court Judge, are expressly reserved.

PLAINTIFF'S RESPONSE:  Plaintiff categorically denies that he has attempted to harass or extort anyone, and affirms he has followed the federal rules regarding post judgment discovery.

(PROPOSED) POST JUDGMENT DISCOVERY PLAN, WITH PLAINTIFF'S STATED OBJECTION -3-

IT IS SO STIPULATED.

/s/GREGORY KELLY
Gregory Kelly
Plaintiff

/s/ERIKA PIKE TURNER
Erika Pike Turner
Attorney for Defendant
Jody Marie Cuomo

Dated: 08/30/2024

Dated: 08/30/2024

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

Dated: 9/3/24