**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Gregory Kelly, | 2:18-cv-00923-JAD-MDC |
| Plaintiff(s), | **ORDER GRANTING AND DENYING IN PART STIPULATION REGARDING DISCOVERY (ECF NO. 141) AND DENYING WITHOUT PREJUDICE, WITH LEAVE TO REFILE, THE MOTION TO WITHDRAW (ECF NO. 137)** |
| vs. | |
| Jody Marie Cuomo, | |
| Defendant(s). | |

The parties filed a *Stipulation Regarding Discovery Dispute (ECF No. 141)("Stipulation")* pursuant to the Court's Standing Order (*ECF No. 129*). The Court GRANTS AND DENIES the Stipulation IN PART as discussed in this Order. Counsel for the defendant also filed a *Motion to Withdraw (ECF No. 137)("Motion")*. The Court DENIES the Motion WITHOUT PREJUDICE WITH LEAVE TO REFILE after counsel files a Notice of Compliance with this discovery Order, which is due within thirty days.

## I. BRIEF BACKGROUND

This case has been pending for over seven years: this is a post-judgment proceeding brought by pro se litigant Gregory Kelly. Plaintiff Kelly served numerous written discovery requests on defendant Jody Marie Cuomo, which the parties now dispute in Stipulation. *ECF No. 141*. Counsel for the defendant asks the Court to withdraw because defendant can no longer afford to pay counsel. *ECF No. 137*.

## II. DISCUSSION

### A. Legal Standard

Post-judgment discovery is governed by Federal Rule of Civil Procedure 69(a)(2), which allows

a judgment creditor to obtain discovery from any person, including the judgment debtor, in aid of the judgment or execution. This rule is designed to help the judgment creditor identify and trace the debtor's assets to enforce the judgment. *Republic of Argentina v. NML Capital, Ltd*., 573 U.S. 134 (2014).

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. This rule applies to post-judgment discovery, allowing judgment creditors to propound interrogatories or requests for the production of documents and electronically stored information. *Gersh v. Anglin*, No. CV 17-50-M-DLC-KLD, 2021 WL 461570, at *1 (D. Mont. Feb. 9, 2021). Federal Rule of Civil Procedure 34 requires parties to make a reasonable inquiry when responding to requests for production of documents. A party is only obligated to produce during discovery those documents which are in the "possession, custody, or control" of the party, Fed. R. Civ. P. 34(a), and a party cannot be compelled to produce documents and other items which do not exist. If a judgment debtor fails to comply with post-judgment discovery requests, the judgment creditor may move for an order compelling disclosure or discovery under Federal Rule of Civil Procedure 37(a).

## B. Analysis of the Stipulation

The 32-page stipulation is difficult to follow as it is generally unorganized, but given Kelly's pro se status, the Court views his arguments liberally.[1] Plaintiff appears to have served multiple requests for production of documents, and the defendant responded with some objections: the defendant also made multiple supplemental responses. *See ECF No. 141 at 4*. The Court analyzes the requests in dispute the stipulation.

### a. Probate Documents

Request No. 2 pertains to probate documents. *ECF No. 141 at 4.*

---

[1] "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

- REQUEST NO. 2 – COPIES OF ALL PROBATE DOCUMENTS FOR THE ESTATE OF JOSEPH M. CUOMO.

- RESPONSE NO. 1[2] – "See attached of all documents I have." RESPONSE NO. 2 – "Objection, the term "probate documents" is undefined and is vague and ambiguous. Further, requesting "all" documents is overly burdensome and not proportional to the needs of the case, as "all" documents for the estate of Joseph M. Cuomo are not relevant to whether Ms. Cuomo has any assets that can be used to satisfy the judgment, and production of "all" documents is not proportional to the needs of the case." Without waiver of said objection, On August 7, 2024, all documents within Ms. Cuomo's custody relating to Joseph M. Cuomo's last will and testament and estate were produced." RESPONSE NO. 3 – Same as Response No. 2. with the following supplemental paragraph, in bold (emphasis omitted): "It is inaccurate to state that you received no documents responsive to the request. Further, you state in a conclusory manner that "probate documents" is not ambiguous or vague, but it is so ambiguous and vague that Ms. Cuomo's production of documents relating to Mr. Cuomo's estate were not recognized by you. There is no "probate" case known to exist, and as a corollary, Ms. Cuomo could have just produced nothing upon the interpretation that the request was limited to documents relating to a "probate" case. However, acting in good faith and with nothing to hide, Ms. Cuomo read the request more expansively, and on August 7, 2024, Ms. Cuomo produced the Last Will and Testament and a copy of the distribution check payable to Ms. Cuomo pursuant to that Last Will and Testament, as well as ALL other documents in her possession or control substantiating the amount she received following

---

[2]  Defendant provided responses to each request along with supplemental responses, which are confusingly numbered in a one, two, three sequence in the stipulation. It is unclear if the plaintiff renumbered them or if this numbering is in the original.

3

Mr. Cuomo's passing. There are no other known responsive documents that are within Ms. Cuomo's possession or control." RESPONSE NO. 4 – Same as Response No. 3, with the following supplemental paragraph: "Please see documents previously produced and reproduced herewith, bates stamped, DEF_000001 –000022."

Similarly, Request No. 3 seeks probate documents. *ECF No. 141 at 7 and 8.*

- REQUEST NO. 3– A COPY OF THE FINAL DISTRIBUTION FROM THE EXECUTOR OR ADMINISTRATOR FOR THE ESTATE OF JOSEPH M. CUOMO.

- RESPONSE NO. 1 – "See attached of all documents I have." RESPONSE NO. 2 – "Objection, the term "probate documents" is undefined and is vague and ambiguous. Further, requesting "all" documents is overly burdensome and not proportional to the needs of the case, as "all" documents for the estate of Joseph M. Cuomo are not relevant to whether Ms. Cuomo has any assets that can be used to satisfy the judgment, and production of "all" documents is not proportional to the needs of the case. Without waiver of said objection, Ms. Cuomo is not in possession of any further documents related to the estate of Joseph M. Cuomo beyond those documents produced on August 7, 2024."RESPONSE NO. 3 – Same as Response No. 2, with the following supplemental paragraph, in bold (emphasis omitted): It is inaccurate to state that you received no documents responsive to this request. The distribution check ($1,125) was produced to you on August 7, 2024. Further, you state in a conclusory manner that "probate documents" is not ambiguous or vague, but it is so ambiguous and vague that Ms. Cuomo's production of documents relating to Mr. Cuomo's estate were not recognized by you. There is no "probate" case known to exist, and as a corollary, Ms. Cuomo could have just produced nothing upon the interpretation that the request was limited to documents relating to a "probate" case. However, acting in good faith and with nothing to

hide, Ms. Cuomo read the request more expansively, and on August 7, 2024, Ms. Cuomo produced the Last Will and Testament and a copy of the distribution check payable to Ms. Cuomo pursuant to that Last Will and Testament, as well as ALL other documents in her possession or control substantiating the amount she received following Mr. Cuomo's passing. There are no other known responsive documents that are within Ms. Cuomo's possession or control." RESPONSE NO. 4 – Same as Response No. 2, with the following supplemental paragraphs: "It is inaccurate to state that you received no documents responsive to this request. The distribution check ($1,125) was produced to you on August 7, 2024. Please see documents previously produced and reproduced herewith, bates stamped, DEF_000001 –000022."

Similarly, this request pertains to the probate. *ECF No. 141 at 8.*

- REQUEST NO. 4 – COPIES OF ALL DOCUMENTS SHOWING ANY MONEY, ASSETS, OR BENEFITS PAID TO YOU FROM THE ESTATE OF JOSEPH M. CUOMO.

- RESPONSE NO. 4 – Same as Response No. 2, with the following supplemental paragraphs: "It is inaccurate to state that you received no documents responsive to this request. The distribution check ($1,125) was produced to you on August 7, 2024. Please see documents previously produced and reproduced herewith, bates stamped, DEF_000001 – 000022."

The defendant unequivocally represents that she has produced all known responsive documents in her control  related to the probate in response to Request Nos. 2, 3, and 4. In Response No. 3, the defendant again states that she has produced "ALL other documents in her possession or control" and that "[t]here are no other known responsive documents that are within Ms. Cuomo's possession or control." In Response No. 4, she references specific production bates numbers. It appears that Kelly's

only dispute here is that he does not believe she produced all documents in her possession. A party is only obligated to produce during discovery those documents which are in the "possession, custody, or control" of the party, Fed. R. Civ. P. 34(a).  "A party cannot produce what it does not have, and so, clearly, the court cannot compel a party to produce non-existent documents." *Maiden Biosciences, Inc. v. Document Sec. Sys.*, Inc., No. 3:21-CV-0327-D, 2022 WL 7662658, at *4 (N.D. Tex. Oct. 13, 2022)(internal quotations and citations omitted).  A party has no obligation to create documents that may be responsive to discovery. *See Washington v. Garrett*, 10 F.3d 1421, 1437-38 (9th Cir. 1993).. The Court thus DENIES plaintiff's request to compel Request Nos. 2, 3, and 4.

### b. Defendant's Credit Cards

The next request pertains to the defendant's credit cards. *ECF No. 141 at 9.*

- REQUEST NO. 5 – COPIES OF ALL MONTHLY STATEMENTS FOR EVERY DEBIT AND CREDIT CARD TRANSACTION MADE BY YOU FROM JANUARY 01, 2021 THROUGH THE PRESENT.

- RESPONSE NO. 1 – "Objection. I do not have a debit card. I have four (4) credit cards with balances on them and credit limits between $800-$1800. I pay the balances monthly using cash from my social security check and/or cash provided to me from my friend Frank Silver." RESPONSE NO. 2 – "As Ms. Cuomo explained on August 7, 2024, there are no responsive documents with respect to the request for debit card transactions. Ms. Cuomo has not had a debit card during the temporal period subject of the request. Ms. Cuomo is not in possession of all her statements for the temporal period requested, but see her statements and the Experian Report and Transunion Report provided in conjunction herewith." RESPONSE NO. 3 – "As Ms. Cuomo explained on August 7, 2024, there are no responsive documents with respect to the request for debit card transactions. Ms. Cuomo has not had a debit card during the temporal period subject of

the request. Ms. Cuomo is not in possession of all her statements for the temporal period requested, but see her statements and the Experian Report and Transunion Report provided in conjunction herewith. Ms. Cuomo produced all responsive documents within her possession at the time of receiving your RFPs. You were provided sufficient information to subpoena the documents requested. Notwithstanding, utilizing your directions, Ms. Cuomo has requested production of additional statements from the creditors. Those statements that have been received to date are being provided in conjunction herewith. Upon receipt of additional statements, she will have them scanned and supplement. However, be advised that Discover is not a card that Ms. Cuomo has in her name, possession or control, and the statements for that Discover card are not in her possession or control, nor have they ever been in her possession or control, as she does not own the card, receive the statements or pay them. From time to time, when Ms. Cuomo did not have sufficient funds, a third party would graciously and voluntarily pay her post office box and other obligations." RESPONSE NO. 4 – Same as Response No. 3, with the following supplemental paragraph: "Please see documents previously produced and reproduced herewith, bates stamped, DEF_000061 – 000146; DEF_000243 – 000276; DEF_000277 – 000286; DEF_000287 – 000310; DEF_000420 – 000421; DEF_000428 – 000438; DEF_000480 – 000817; DEF_000841 DEF_001225 – 001270; DEF_001271 – 001512. Please see newly supplemented documents being produced herewith and bates stamped, DEF_001537 – 001556."

Plaintiff also argues that he discovered credit cards on the defendant's credit report (from 2021-2024) that show two additional Credit One credit cards and a Capital One/Walmart card. Plaintiff demands the statements from these three credit cards. Defendant does not show or state why she is unable to contact her financial institutions to obtain responsive statements.  *See e.g., United States v.*

*International Union of Petroleum & Indus. Workers,* 870 F.2d 1450, 1452 (9th Cir.1989)("Control is defined as the legal right to obtain documents upon demand."). The Court finds that this request for the statements from these three cards are proportional to the needs of the case and GRANTS this specific request pertaining to Request No. 5. The Court orders the defendant to produce these three credit card statements within thirty days of this Order.

### c. Defendant's Checking Account and Trust Documents

This request pertains to the defendant's checking account.

- REQUEST NO. 10 – COPIES OF ALL CANCELED CHECKS SIGNED BY YOU FROM JANUARY 01, 2021 THROUGH THE PRESENT.

- RESPONSE NO. 1 – "I do not have a checking account. I do not have any canceled checks signed by me." RESPONSE NO. 2 – "As Ms. Cuomo explained on August 7, 2024, she does not have a checking account and she is not in possession of any responsive documents." RESPONSE NO. 3 – Same as No. 2, with the following supplemental paragraph: "Ms. Cuomo responded to this request- clearly and unambiguously. Ms. Cuomo has not had a checking account in the temporal period and is not in possession of any responsive documents. To add, Ms. Cuomo is not in control of any responsive documents. Ms. Cuomo does not have authority or control over ANY personal or business account or any associated records." RESPONSE NO. 4 – Same as Response No. 3, with no changes.

This request pertains to trust documents.

- REQUEST NO. 11 – COPIES OF ALL DOCUMENTS FOR EVERY TRUST, WHERE YOU HAVE BEEN NAMED EITHER AS A BENEFICIARY, TRUSTEE, OR SETTLOR FROM JANUARY 01, 2014 THROUGH THE PRESENT.

- RESPONSE NO. 1 – "I am not aware of any document of trust or otherwise where I am named beneficiary, trustee, or settler." RESPONSE NO. 2 – "As Ms. Cuomo explained on August 7, 2024, she is not aware of the existence of any responsive documents." RESPONSE NO. 3 – "As Ms. Cuomo explained on August 7, 2024, she is not aware of the existence of any responsive documents. As Ms. Cuomo explained on August 7, 2024 and again on August 22, 2024, she is not aware of the existence of any responsive documents. In addition, Ms. Cuomo has ZERO control, authority or possession over Dr. Silver's books and records. To be sure, Ms. Cuomo has received no proceeds from any trust established in her name during the temporal period of your request, nor does she have any reason to believe that any trust in her name or for her benefit has been established by Dr. Silver or anyone else."

Plaintiff does not believe that the defendant does not have a checking account or that she has not been named in a trust. The plaintiff apparently does not believe the defendant because of her relationship with non-party Dr. Silver, but he provides no documentary evidence to show otherwise. The plaintiff has no right to collect from non-party Dr. Silver. The defendant, through counsel as an Office of the Court, has stated that the defendant does not have a checking account and she is not named in any trust. Again "[a] party cannot produce what it does not have, and so, clearly, the court cannot compel a party to produce non-existent documents." *Maiden Biosciences, Inc.*, 2022 WL 7662658, at *4. Nor is a party required to create documents that may be responsive to discovery. *See Washington v. Garrett*, 10 F.3d at 1437-38. The Court finds that the defendant has complied with this request. The Court DENIES the plaintiff's request to compel production of Request Nos. 10 and 11.

### d. Defendant's Vehicles and Insurance

This request pertains to whether defendant has a car and insurance. *ECF No. 141 at 14.*

- REQUEST NO. 14 – COPY OF ANY CURRENT AUTOMOBILE INSURANCE POLICY WHERE YOU ARE NAMED AS AN INSURED DRIVER.

- RESPONSE NO. 1 – "I drive a car owned and registered by Frank Silver. I do not have access to his personal documents. Plaintiff is not legally entitled to Frank Silver's possessions, including his documents. I do not own or lease a vehicle." RESPONSE NO. 2 – "As Ms. Cuomo explained on August 7, 2024, there are no responsive documents in Ms. Cuomo's possession. She does not own or lease a car." RESPONSE NO. 3 – "As Ms. Cuomo explained on August 7, 2024, there are no responsive documents in Ms. Cuomo's possession. She does not own or lease a car. As Ms. Cuomo explained on August 7, 2024 and again on August 22, 2024, she has no responsive documents. For further clarification, Ms. Cuomo does not own or lease a car, AND she is not named as an insured driver. Again, you are perpetuating a false narrative that Ms. Cuomo has any authority or control over any insurance policy owned by Dr. Silver or any of his businesses. Ms. Cuomo is Dr. Silver's friend/companion, and she has no rights or interests in anything of his or his businesses, including any rights or interests in any vehicle or its use." RESPONSE NO. 4 – Same as Response No. 3, with no changes.

Similarly, this request seeks information about auto insurance.

- REQUEST NO. 15 – COPIES OF ALL MONTHLY AUTOMOBILE INSURANCE BILLING RECORDS, LISTING EVERY VEHICLE IN WHICH YOU ARE NAMED AS AN INSURED DRIVER, INCLUDING THOSE PAID BY A THIRD PARTY, FROM JANUARY 01, 2021 THROUGH THE PRESENT. RESPONSE NO. 1 – "See answer to No. 14." RESPONSE NO. 2 – "See answer to No. 14." RESPONSE NO. 3 – "See answer to No. 14. See the supplemental Response to Request No. 14. You say that Ms. Cuomo is required to demonstrate that she does not

pay for an automobile insurance policy. That is requesting she prove a negative, and is nonsensical as Ms. Cuomo has not purchased or leased a vehicle, has no rights or interests in any vehicle and has no automobile insurance policy naming her as an insured." RESPONSE NO. 4 – Same as Response No. 3, with no changes.

This request seeks information about vehicle registrations.

- REQUEST NO. 16 – COPIES OF ALL VEHICLE REGISTRATIONS FOR WHICH YOU ARE INSURED AS A DRIVER.

- RESPONSE NO. 1 – "See answer to No. 14." RESPONSE NO. 2 – "See answer to No. 14." RESPONSE NO. 3 – "See answer to No. 14. AGAIN, Ms. Cuomo has no vehicle registrations. Whether she is insured as a driver is a legal conclusion, but as set forth in response to Request No. 14 above, there is no insurance policy that names her as an insured driver." RESPONSE NO. 4 – Same as Response No. 3, with no changes.

Plaintiff, again, does not believe that the defendant does not have a car or insurance, he argues that she "may have an ownership interest" and he has the right to verify that she does not by looking at non-party Dr. Silver's documents. *ECF No. 141 at 16*. Defendant, again through counsel as an Office of the Court, has stated that she drives non-party Dr. Silver's car. Defendant does not have registration or insurance in her name and does not pay for insurance. Dr. Silver is a non-party to this action and the Court will not compel Dr. Silver to turn over documents to the plaintiff through the defendant. The Court finds that the defendant has complied with this request. The Court DENIES the plaintiff's request to compel production of Request Nos. 14, 15, and 16.

### e. Defendant's Insurance Policies

This request pertains to insurance policies by the defendant. *ECF No. 141 at 18.*

- REQUEST NO. 18 – COPIES OF ALL CURRENT LIFE INSURANCE POLICIES, IN WHICH YOU ARE NAMED AS A BENEFICIARY, TRUSTEE, OR SETTLOR.
- RESPONSE NO. 1 – "I am not aware of any life insurance policies in which I am named as a beneficiary, trustee, or settlor." RESPONSE NO. 2 – "As Ms. Cuomo responded on August 7, 2024, there are no responsive documents." RESPONSE NO. 3 – "As Ms. Cuomo responded on August 7, 2024, there are no responsive documents. As Ms. Cuomo explained on August 7, 2024 and again on August 22, 2024, there are no responsive documents. There is no equivocation in the response. RESPONSE NO. 4 – Same as Response No. 3, with no changes.

The plaintiff takes issue with defendant's response that she is "not aware" of any life insurance policies. Federal Rule of Civil Procedure 34 requires parties to make a reasonable inquiry when responding to requests for production of documents. The Court agrees that it is not clear if the defendant made a reasonable inquiry regarding life insurance policies. The Court GRANTS plaintiff's request to compel Request No. 18. The defendant is ordered to supplement her response to clarify whether she has made a reasonable inquiry regarding life insurance policies pursuant to Rule 34.

**f. Defendant's Benefits and Wages**

This request pertains to plaintiff's benefits and wages. *ECF No. 141 at 19.*

- REQUEST NO. 19 – COPIES OF ALL DOCUMENTS SHOWING BENEFITS, 1099 INCOME, W-2 WAGES, ETC., PAID TO YOU BY ANY THIRD PARTY FROM JANUARY 01, 2021 THROUGH THE PRESENT.
- RESPONSE NO. 1 – "I have no benefits, 1099 Income, W-9 Wages, etc. of anything paid to me by a third party." RESPONSE NO. 2 – "As Ms. Cuomo responded on August 7, 2024, there are no responsive documents. She has received no benefits, 1099 Income, W-2 Wages, etc. from a third party during the temporal period of the request." RESPONSE

NO. 3 – "As Ms. Cuomo responded on August 7, 2024, there are no responsive documents. She has received no benefits, 1099 Income, W-2 Wages, etc. from a third party during the temporal period of the request. See the supplemental Response to Request No. 12 regarding Form W-2Gs. Ms. Cuomo also provides in conjunction herewith cancellation of debt 1099 forms in her possession or control, despite that the 1099 is not for earned income." RESPONSE NO. 4 – Same as Response No. 3, with the following supplemental paragraph: "Please see documents previously produced and reproduced herewith, bates stamped, DEF_000357 –000416. Please see newly supplemented documents being produced herewith and bates stamped, DEF_001515 – 001536."

Plaintiff does not believe that the defendant has not received benefits and wages. Defendant, again through counsel as an Office of the Court, has stated that she has not received benefits and wages but has produced a cancellation of debt 1099 form in her possession. She also produced W-2G forms in response to Request No. 12 which she references in her response. The Court finds that the defendant has complied with this request. The Court DENIES the plaintiff's request to compel production of Request Nos. 19.

### g. Defendant's Assets and Annuities

The following request seeks additional types of assets such as annuities. *ECF No. 141 at 19.*

- REQUEST NO. 20 – COPIES OF ALL DOCUMENTS SHOWING BENEFITS, ASSETS, MONIES, ANNUITIES, INSURANCE POLICIES OR ANYTHING ELSE OF VALUE BEING HELD FOR YOUR BENEFIT BY A THIRD PARTY OR TRUST.
- RESPONSE NO. 1 – "I have no knowledge or documents showing any benefits, assets, monies, annuities, insurance policies or anything else of value being held for me for my

benefit by a third party or trust." RESPONSE NO. 2 – "As Ms. Cuomo responded on August 7, 2024, there are no responsive documents known to exist."

Similarly, this request seeks documents regarding future benefits. *ECF No. 141 at 22.*

- REQUEST NO. 21 – COPIES OF ALL OTHER DOCUMENTS SHOWING ANY ASSETS YOU OWN, OR THOSE WHICH WILL YOU WILL RECEIVE IN THE FUTURE, INCLUDING LIFE INSURANCE POLICIES AND TRUST BENEFITS.

- RESPONSE NO. 1 – "See answer No. 20." RESPONSE NO. 2 – "There are no responsive documents known to exist." RESPONSE NO. 3 – "There are no responsive documents known to exist. See the supplemental Response to Request No. 20." RESPONSE NO. 4 – Same as Response No. 3, with no changes.

The plaintiff takes issue with defendant's response that she has "no knowledge" of or that the documents are not "known to exist." Federal Rule of Civil Procedure 34 requires parties to make a reasonable inquiry when responding to requests for production of documents. The Court agrees that it is not clear if the defendant made a reasonable inquiry regarding the assets that plaintiff seeks in these requests. The Court warns plaintiff, however, that the defendant has no duty to search or produce the papers of Dr. Silver, but she does have a duty to make a reasonable inquiry regarding whether anything of value is being held for her benefit per the requests. The Court GRANTS plaintiff's request to compel Request Nos. 20 and 21. The defendant is ordered to supplement her response within thirty days to clarify whether she has made a reasonable inquiry regarding these requests pursuant to Rule 34.

**h. Defendant's Corporate Bank Accounts and Signatories**

This request pertains to corporate bank accounts. *ECF No. 141 at 22.*

- REQUEST NO. 22 – COPIES OF THE MOST RECENT MONTH OF BANK ACCOUNT STATEMENTS OF ANY CORPORATION OR LIMITED LIABILITY

COMPANY, WHERE YOU HAVE BEEN A MEMBER OR OFFICER, OR SIGNATORY.

- RESPONSE NO. 1 – "I have no copies, nor am I a member, officer, or signatory of any corporation or limited liability company." RESPONSE NO. 2 – "As Ms. Cuomo responded on August 7, 2024, there are no responsive documents in her possession." RESPONSE NO. 3 – "As Ms. Cuomo responded on August 7, 2024, there are no responsive documents in her possession. See the supplemental Response to Request No. 10. For the avoidance of doubt, Ms. Cuomo has no ownership or management interest in any Corporation or Limited Liability Company, and has no rights or interests in the statements or other books and records of any Corporation or Limited Liability Company. RESPONSE NO. 4 – Same as Response No. 3, with no changes.

This request pertains to bank account signatories. *ECF No. 141 at 21.*

- REQUEST NO. 23 – COPIES OF THE MOST RECENT MONTH OF BANK ACCOUNT STATEMENTS OF ANY PERSONAL ACCOUNT WHERE YOU ARE A SIGNATORY.
- RESPONSE NO. 1 – "I am not a signatory on any bank account or account at a financial institution." RESPONSE NO. 2 – "As Ms. Cuomo responded on August 7, 2024, there are no responsive documents." RESPONSE NO. 3 – "As Ms. Cuomo responded on August 7, 2024, there are no responsive documents. As Ms. Cuomo explained on August 7, 2024 and again on August 22, 2024, there are no responsive documents. RESPONSE NO. 4 – Same as Response No. 3, with no changes.

Plaintiff argues that these responses also violate Rule 34, but the defendant states unequivocally in these responses that she does not have any corporate bank accounts and is not a signatory on any bank accounts. There is nothing to search here as the defendant, through counsel, states that these documents

do not exist. Defendant has no responsive documents. The Court finds that the defendant has complied with this request. The Court DENIES the plaintiff's request to compel production of Request Nos. 22 and 23.

### i. Defendant's Creditors

This request pertains to payments made to creditors. *ECF No. 141 at 23.*

- REQUEST NO. 26 – COPIES OF ALL PAYMENTS MADE BY YOU, OR THIRD PARTIES FOR YOUR BENEFIT, TO ANY CREDITOR OF YOURS FROM JANUARY 01, 2017 THROUGH THE PRESENT.

- RESPONSE NO. 1 – "See answer No. 25. (I do not have any contracts with the PO Box company and the company representative has confirmed no contract exists." RESPONSE NO. 2 – "There are no responsive documents. As Ms. Cuomo further explained on August 7, 2024, all payments to her credit card creditors are via cash payments. Payments are made to the Walmart money center (they issue payment to the creditor upon her remittance of cash)." RESPONSE NO. 3 – "There are no responsive documents. As Ms. Cuomo further explained on August 7, 2024, all payments to her credit card creditors are via cash payments. Payments are made to the Walmart money center (they issue payment to the creditor upon her remittance of cash). You have all the documents responsive to this request that are in Ms. Cuomo's possession or control. Again, be advised that Discover is not a card that Ms. Cuomo has in her possession or control, and the statements for that Discover card are not in her possession or control, nor have they ever been in her possession or control, as she does not own the card, receive the statements or pay them. Again, payments made by third parties are not maintained, controlled or accessible by Ms. Cuomo." RESPONSE NO. 4 – Same as Response No. 3, with the following supplemental paragraph: Please see documents previously produced and

reproduced herewith, bates stamped, DEF_000075 – 000146; DEF_000147 – 000242; DEF_000311; DEF_000823 – 000840.

Plaintiff argues that plaintiff should have produced documents On October 14, 2024, a Notice of Settlement was filed in Las Vegas Justice Court Case No. 23C005049, *Southern Capital Finance Group LLC vs. Jody Cuomo*, which is a default judgment against Defendant for $ 32,128.56. Plaintiff states that defendant's counsel told him that she would supplement defendant's response to include documents pertaining to this Notice of Settlement, but she has not done so yet. Documents related to the settlement are relevant and proportionate to this request. The Court GRANTS plaintiff's request, only to the extent that he seeks documents pertaining to the settlement of this debt, in response to Request No. 26. Defendant has thirty days to supplement this response.

**C. Analysis of the Motion to Withdraw**

Courts generally consider the following four factors when ruling upon a motion to withdraw: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Castillo v. W. Range Ass'n*, No. 3:16-cv-00237-RCJ-CLB, 2024 U.S. Dist. LEXIS 60553, at *5 (D. Nev. Mar. 29, 2024)(citing cases).

Counsel argues in the Motion that the plaintiff has vexatiously multiplied the proceedings and the defendant can no longer afford to pay for her services. *See attached affidavit, ECF No. 137-1.* Counsel also argues that there is no outstanding discovery (*ECF No. 137 at 1*), but the parties filed the instant *Stipulation Regarding Discovery Dispute* shortly after counsel filed her Motion. The first factor weighs in counsel's favor as the Court is sympathetic to counsel's situation regarding payment for her services. The second, third, and fourth factors, however, weigh against withdrawal at this time. Part of this omnibus order directs counsel to supplement discovery in this case, and the defendant will be prejudiced, and the administration of justice may be harmed, if counsel withdraws prior to complying

with the Court's Order because counsel has worked on all the previous supplements. There is also a risk that allowing counsel to withdraw prior to complying with this discovery Order will delay resolution of this case. The Court denies the Motion to Withdraw without prejudice, with leave to refile. The Court directs counsel to file a Notice of Compliance within thirty days that she has complied with this Court's discovery Order. Counsel may renew her Motion to Withdraw after she has filed her Notice of Compliance.

IT IS ORDERED that:

1. The parties' *Stipulation Regarding Discovery Dispute (ECF No. 141)* is GRANTED AND DENIED in part, as stated in this Order.

2. The *Motion to Withdraw* (ECF No. 137) is DENIED WITHOUT PREJUDICE, with leave to refile, after counsel files her Notice of Compliance with this Order.

3. The Notice of Compliance is due **June 23, 2025.**

Dated: May 23, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge