**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Gregory Kelly,

    Plaintiff

v.

Jody Marie Cuomo,

    Defendant

Case No.: 2:18-cv-00923-JAD-MDC

**Order Overruling Objection to the Magistrate Judge's Discovery Order**

[ECF No. 133]

    This judgment-enforcement action between creditor Gregory Kelly and debtor Jody Marie Cuomo has been pending since 2018. After the first magistrate judge assigned to this case retired in 2024, United States Magistrate Judge Maximiliano D. Couvillier, III entered a minute order noting that the last entry on the docket was in October 2023.[1] Concerned that this matter would "remain open indefinitely," Judge Couvillier concluded that the Federal Rules of Civil Procedure governing pre-trial discovery—including rules requiring parties to submit a discovery plan—governed this post-judgment proceeding too, so he ordered the parties to either show cause why this case shouldn't be dismissed for failure to prosecute or file a proposed discovery plan.[2]

    Kelly moved for clarification of that order, arguing that discovery plans are not required in this context and that post-judgment collection actions can indeed proceed indefinitely.[3] At a hearing, Judge Couvillier denied that motion. Kelly stipulated to a discovery plan and scheduling order "under objection."[4] He now objects to Judge Couvillier's rulings, insisting that

---

[1] ECF No. 119.
[2] *Id.*
[3] ECF No. 121.
[4] ECF No. 133; ECF No. 134.

there is no rule permitting the court to impose a discovery schedule in his case.[5] Because Judge Couvillier's ruling is not clearly erroneous and courts have broad discretion to control discovery, I overrule Kelly's objection.

**Background**

This post-judgment enforcement action has been ongoing for about seven years. United States Magistrate Judge Cam Ferenbach presided over the parties' discovery disputes from 2018 to 2023. In October 2023, Judge Ferenbach discussed setting "some type of discovery cutoff date," noting that a discovery plan and scheduling order hadn't been issued and expressing concern about leaving an "open-ended case" on the docket.[6] The parties indicated that a discovery plan wasn't needed in a post-judgment collection case, so Judge Ferenbach accepted those representations and didn't require the parties to set any deadlines.[7]

Judge Ferenbach retired in January 2024, and his successor Judge Couvillier was assigned to this case.[8] In May 2024, Judge Couvillier issued a minute order explaining that he had reviewed the docket and noted that there had been no activity since October 2023.[9] He also listened to the audio recording of Judge Ferenbach's October 2023 hearing and concluded that he disagreed with the conclusion that this case doesn't need a discovery plan.[10] Judge Couvillier ruled that Federal Rule of Civil Procedure (FRCP) 69—the rule governing post-judgment enforcement proceedings—"allows post-judgment discovery to proceed according to the rules

---

[5] ECF No. 133.
[6] ECF No. 132 at 4–5.
[7] *Id.* at 5–7.
[8] ECF No. 118.
[9] ECF No. 119.
[10] *Id.*

2

governing pre-trial discovery," including the rules requiring a discovery plan.[11]  Concluding that "[t]his matter cannot remain open indefinitely," Judge Couvillier ordered the parties to either show cause why the case should not be dismissed or file a discovery plan and scheduling order.[12]

Kelly moved for clarification of Judge Couvillier's order, arguing that a discovery schedule wasn't needed in a post-judgment enforcement action.[13]  At a hearing on the clarification motion, Judge Couvillier acknowledged that "there is no authority that requires a post-judgment discovery plan, [but] there is nothing that prohibits this court from requiring the parties to enter into such a plan."[14]  Judge Couvillier ordered the parties to confer and see if they could reach an agreement on a discovery plan, over Kelly's strenuous objection.[15]  On September 2, 2024, the parties filed a plan outlining the discovery that was expected to occur within 180 days.[16]  Judge Couvillier entered it, and Kelly objects.

**Discussion**

A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[17]  This standard of review "is significantly deferential" to the magistrate judge's determination.[18]  A district court overturns a magistrate judge's

---

[11] *Id.*

[12] *Id.*

[13] ECF No. 121.

[14] *See* ECF No. 130 (minute order reflecting August 19, 2024, hearing).

[15] *Id.*

[16] ECF No. 134; ECF No. 135 (order granting discovery plan).

[17] L.R. IB 3-1(a).

[18] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for So. Cal.*, 508 U.S. 602, 623 (1993).

3

determination under this standard only if it has "a definite and firm conviction that a mistake [of fact] has been committed"[19] or a relevant statute, law, or rule has been omitted or misapplied.[20]

Kelly objects to Judge Couvillier's imposition of a discovery plan in this case.[21] He contends that "there are no cases in the Ninth Circuit, or any other Federal Circuit, [in which] a creditor has been ordered to file" a post-judgment discovery plan.[22] He notes that FRCP 69 "does not state that a discovery plan is required in post-judgment discovery," and neither does any Nevada state rule.[23] He relies on the United States Supreme Court's statement that post-judgment discovery is "quite permissive" to argue that imposing time restrictions on his efforts to collect is error.[24]

Kelly has not established that Judge Couvillier's order requiring that the parties submit a discovery plan is clearly erroneous or contrary to law. FRCP 69 permits a judgment creditor to "obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."[25] Judge Couvillier interpreted the phrase "as provided in these rules" to mean the Federal Rules of Civil Procedure, including those governing pre-trial discovery. Though Kelly has pointed out the absence of a rule specifically permitting a discovery plan in the post-judgment context, he doesn't meaningfully respond to Judge Couvillier's interpretation that imports other civil discovery rules into these proceedings. Indeed, it's well-established that discovery rules that apply pre-trial—like those governing

---

[19] *Id.* (internal quotation marks omitted).
[20] *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).
[21] ECF No. 133.
[22] *Id.* at 9.
[23] *Id.* at 10–11.
[24] *Id.* at 12 (quoting *Rep. of Arg. v. NML Cap. Ltd.*, 573 U.S. 134, 138 (2014)).
[25] Fed. R. Civ. P. 69(a)(2).

4

requests for production and interrogatories—are regularly used to conduct post-judgment discovery.[26] Kelly fails to explain why those rules may be used in FRCP 69 proceedings, but the one requiring a discovery plan cannot.

District courts have broad authority to control discovery and manage their dockets.[27] Although post-judgment discovery is "quite permissive," Kelly has not established that its permissive nature extends to his ability to keep a case open indefinitely, even if there is no active discovery in progress. Judge Couvillier has not prevented Kelly from seeking discovery or threatened invalidation of his judgment on which he is entitled to continue pursuing collection. Kelly must simply have active matters before this court to justify keeping this case open, and Judge Couvillier has the discretion to set a discovery plan that encourages the efficient use of the court's and the parties' time and resources. So, because Kelly has not shown that Judge Couvillier's order directing the parties to abide by a discovery plan in this case is not clearly erroneous or contrary to law, I overrule his objection.

## Conclusion

IT IS THEREFORE ORDERED that Gregory Kelly's objection to Magistrate Judge Couvillier's order requiring a discovery plan **[ECF No. 133] is OVERRULED**.

_____
U.S. District Judge Jennifer A. Dorsey
July 2, 2025

---

[26] *See* Fed. R. Civ. P. 69, 1970 amend. (explaining that "all discovery procedures provided in [the Federal Rules of Civil Procedure] are available," including those governing requests for production (FRCP 34), interrogatories (FRCP 33), and all other "discovery devices provided in the rules").

[27] *See, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).